# EXHIBIT A

ORIGINAL

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddlfaw.com
Attorneys for Plaintiff

FILED
Superior Court Of California
County Of Los Angeles

APR 04 2018

Sherri R. Carter, Executive Officer/Clerk
By _Michael J. Estorga_, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

TERRY FABRICANT and ABANTE ROOTING AND PLUMBING INC,

Plaintiff,

vs.

LEXINGTON LAW FIRM, and DOES 1 through 10, inclusive, and each of them,

Defendant.

Case No. **LC107076**

COMPLAINT FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

1. Violation of Telephone Consumer Protection Act [47 U.S.C. §227(b)];
2. Violation of the Telephone Consumer Protection Act [47 U.S.C. §227(c)]

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA"). Plaintiffs brings this action as a result of the illegal actions of Lexington Law Firm. ("Defendant"), who negligently, knowingly, and/or willfully placed sales, solicitations and/or other telemarketing calls to Plaintiff's cellular telephone in violation of the TCPA.

///

///

Complaint - 1

## II. PARTIES

2. Plaintiff, Terry Fabricant ("Fabricant"), is a natural person residing in Los Angeles County in the state of California and is a "person" as defined by 47 U.S.C. § 153 (10).

3. Plaintiff, Abante Rooting and Plumbing Inc ("Abante"), is a business engaged in providing plumbing and rooting services in Alameda County in the state of California and is a "person" as defined by 47 U.S.C. § 153 (10).

4. Plaintiff Fabricant and Plaintiff Abante will hereinafter be collectively referred to as "Plaintiffs".

3. At all relevant times herein, Defendant, Lexington Law Firm. ("Defendant") is law firm engaged in the marketing and sale of credit repair services, and is a "person" as defined by *47 U.S.C. § 153 (10)*.

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the

Complaint - 2

EXHIBIT A
PAGE 2

acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants

### III. FACTUAL ALLEGATIONS

6. Beginning in or around August 10, 2017, Defendant contacted Plaintiff Fabricant on his cellular telephone number ending in -1083, in an attempt to solicit Fabricant to purchase Defendant's services.

8. Defendant contacted or attempted to contact Plaintiff Fabricant from telephone number, including without limitation (818) 555-0444, confirmed to be Defendant's number.

9. Additionally, beginning in or around January 13, 2015, Defendant contacted Plaintiff Abante on his cellular telephone numbers ending in -1636, -7511, -3803, and -1080; in an attempt to solicit Plaintiff Abante to purchase Defendant's services.

10. Defendant contacted or attempted to contact Plaintiff Abante from telephone numbers, including without limitation (423) 248-2450, (580) 825-4326, (562) 546-5867, (315) 203-8752, (200) 874-4831, and (925) 204-2371, confirmed to be Defendant's numbers.

9. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiffs seeking to solicit its services.

10. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12. During all relevant times, Defendant did not possess Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

13. Furthermore, Plaintiff Fabricant's cellular telephone number ending in -1083 has been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial calls.

14. Defendant placed telephone calls soliciting its business to Plaintiff Fabricant on

Complaint - 3

1  his cellular telephone ending in -1083 in or around August of 2017.

2  15. Additionally, Plaintiff Abante's cellular telephone numbers ending in -1636, -7511, and -1080 have been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial calls.

3  16. Defendant placed telephone calls soliciting its business to Plaintiff Abante on its cellular telephone ending in -1636, -7511, and -1080 in or around January of 2015.

4  15. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

5  16. Plaintiffs received numerous solicitation calls from Defendant within a 12-month period.

6  17. Defendant continued to call Plaintiffs in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

7  18. Upon information and belief, and based on Plaintiffs' experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

19. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).
b) Defendant's failure to establish and implement reasonable practices and procedures, based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## COUNT I: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiffs incorporates by reference all of the preceding paragraphs.

21. The foregoing acts and omissions of Defendant constitute numerous and

Complaint - 4

multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

25. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiffs are entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs are entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

### COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiffs repeats and incorporates by reference into this cause of action the allegations set forth above.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of

Complaint - 5

the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiffs are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

30. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiffs are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

31. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiffs are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B);

B. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiffs are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); and

C. Any and all other relief that the Court deems just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

///

///

Complaint - 6

Respectfully submitted this 4th Day of April, 2018.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 7